IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WOOD,<br><br>              Plaintiff,<br><br>     v.<br><br>AEGIS WHOLESALE CORPORATION, et al.,<br><br>              Defendants. | NO. 1:09-CV-536-AWI-GSA<br><br>ORDER GRANTING DEFENDANT MTC FINANCIAL INC., DBA TRUSTEE CORP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Document #7) |

## HISTORY[1]

On September 14, 2001, Plaintiff Gregory Wood ("Wood") purchased Lots 27 and 28 in block 556 in Modesto California.[2] On March 12, 2007, Wood obtained a mortgage from Defendant Aegis Wholesale Corporation ("Aegis"). The note was secured by a Deed of Trust, which names Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary and Aegis as the lender. See Ex. B to MTC's Request for Judicial Notice. AmericaOne International, Inc. ("AmericaOne") was the mortgage broker. The loan was later assigned to Defendant IndyMac Federal Bank, FSB ("IndyMac"). Plaintiff defaulted on the loan,

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

[2] 209 Achor Court, Modesto, CA 95354.

and foreclosure proceedings were commenced by Defendant MTC Financial Inc., dba Trustee Corps ("MTC"). On November 17, 2008, MTC, acting as an agent for IndyMac, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") in the Stanislaus County Recorder's Office.[3] See Ex. C to MTC's Request for Judicial Notice. On February 20, 2009, Indymac substituted MTC as the trustee under the Deed of Trust and recorded the Substitution of Trustee. See Ex. D to MTC's Request for Judicial Notice. On February 20, 2009, MTC, as a substituted trustee, recorded a Notice of Trustee's Sale with a foreclosure sale date of March 10, 2009.

Plaintiff filed suit in Superior Court of California, County of Stanislaus on March 9, 2009. Plaintiff alleges: (1) A (first) cause of action to enjoin the sale because the non-judicial foreclosure is void since IndyMac and MTC filed the Substitution of Trustee three months after the Notice of Default was filed and because all Defendants have failed to provide the original note; (2) a (second) quiet title cause of action that Defendants' assertion of rights or interests in the property are void and unenforceable; (3) a (third) cause of action for rescission of the loan based on fraud (non-disclosure) because Aegis and AmericaOne did not disclose to Plaintiff that his income would be insufficient to repay the loan following the adjustment period; (4) a (fourth) accounting cause of action for the amount of money, if any, still owed to Defendants; (5) a (fifth) breach of fiduciary duty cause of action against all Defendants for failure to provide him with disclosure notice requirements; (6) a (sixth) cause of action for unfair debt collection practices under the Rosenthal Fair Debt Collections Act, Federal Fair Debt Collections Act, Truth in Lending Act, and Real Estate Settlement Procedures Act against Defendants MERS, IndyMac, T.D. Service Company ("T.D."), and Aegis; (7) a (seventh) cause of action for unfair business practices against Defendants New Century, IndyMac, and AmericaOne for violating Cal. Bus. & Prof. Code § 17200; (8) an (eighth) cause of action for breach of the implied covenant of good

---

[3]All documents pertaining to Plaintiff's loan and default, including the Substitution of Trustee, Notice of Default, and Notice of Trustee Sale were recorded with the Stanislaus County Recorder's Office.

faith and fair dealing based on predatory lending practices; (9) a (ninth) cause of action against Defendants Aegis, AmericaOne and Does 1-250 for violating 15 U.S.C. § 1639(h) by failing to verify Plaintiff's ability to repay the loan; (10) a (tenth) declaratory and injunctive relief cause of action requesting a declaration as to the validity of the loan agreement and foreclosure proceedings.

The complaint seeks declaratory relief, a rescission of the loan, a temporary restraining order as to the sale of the property, a permanent injunction precluding Defendants from engaging in wrongful conduct, cancellation of the trustee sale, quieting title to Plaintiff's property, an accounting of amounts owed by Plaintiff, and attorney's fees.

MTC removed the case to the Eastern District of California and now moves to have the case dismissed for failure to state a claim.[4]

Plaintiff has neither filed an opposition nor a notice of non-opposition.

On May 26, 2009, the court took the matter under submission without oral argument.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12 (b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The court is not required

---

[4] MTC contends that "no other Defendants who have been named in the Summons and Complaint have been served with the Summons and Complaint." See MTC's Notice of Removal of Action at page 2.

3

1  "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
2  unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
3  The Supreme Court has recently explained that "[t]o survive a motion to dismiss, a complaint
4  must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible
5  on its face." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 — L.E.d.2d —, 2009 WL
6  1361536, at *12 (May 18, 2009) (citations and alterations omitted). "A claim has facial
7  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
8  inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is
9  not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant
10 has acted unlawful." Id.

11       The court must also assume that "general allegations embrace those specific facts that are
12 necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990). Thus,
13 the determinative question is whether there is any set of "facts that could be proved consistent
14 with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v.
15 Sorema N.A., 534 U.S. 506, 514 (2002). At the other bound, courts will not assume that plaintiffs
16 "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in
17 ways that have not been alleged." Associated General Contractors of California, Inc. v. California
18 State Council of Carpenters, 459 U.S. 519, 526 (1983).

19       In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited
20 to reviewing only the complaint. "There are, however, two exceptions . . . First, a court may
21 consider material which is properly submitted as part of the complaint on a motion to dismiss . . .
22 If the documents are not physically attached to the complaint, they may be considered if the
23 documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.
24 Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record."
25 Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Ninth Circuit later gave a
26 separate definition of "the 'incorporation by reference' doctrine, which permits us to take into
27
28                                       4

account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956); see Estate of Blue v. County of Los Angeles, 120 F.3d 982, 984 (9th Cir. 1997).[5]

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe. v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**DISCUSSION**

The basis of Plaintiff's suit is his contention that the Defendants did not have the legal authority to foreclose on his property. Plaintiff contends that Defendants IndyMac and MTC lack authority because: (1) they are not holders in due course; (2) they are not real parties in interest (because they did not provide the original note establishing themselves as the real party in interest); and (3) MTC filed the Notice of Default three months prior to recording the Substitution of Trustee. See Complaint ¶¶27-28.

Enjoinment of Sale

Plaintiff alleges that the foreclosure procedure was fatally defective because MTC violated

---

[5] MTC's request that the court take judicial notice of the note, Deed of Trust, Notice of Default, Notice of Sale, and Substitution of Trustee is granted. See Sears, 245 F.2d at 70; Lee, 250 F.3d at 688-89. Here, Plaintiff's complaint refers to the note, Deed of Trust, Notice of Default, Notice of Sale, and Substitution of Trustee. Additionally, the above listed documents, with the exception of the note, are matters of public record. As such, this court may consider Plaintiff's pertinent loan and foreclosure documents. Moreover, no objection by Plaintiff has been made.

5

Cal. Civ. Code § 2924(a) by recording the Notice of Default three months before the Substitution of Trustee. MTC contends that there is no requirement for a trustee to file a Substitution of Trustee before a Notice of Default.

Under California law, a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process by filing a Notice of Default. Cal. Civ. Code § 2924(a)(1). Under Cal. Civ. Code § 2924(b)(4) a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994).

MTC correctly points out that Cal. Civ Code § 2924 does not require that the trustee file the Notice of Default, but permits any of the beneficiary's authorized agents to do so. In the instant matter, under § 2924(a)(1), MTC, as an agent for IndyMac (the beneficiary under the deed of trust), was authorized to initiate the foreclosure process and file the Notice of Default. The fact that MTC recorded the Notice of Default three months before recording the Substitution of Trustee does not void the foreclosure procedure. See U.S. v. Hertz, Inc. v. Niobrara Farms, 41 Cal. App. 3d 68, 85 (1974).

Thus, because MTC had the authority, as IndyMac's agent, to file the Notice of Default, it is immaterial to the validity of the foreclosure process that MTC filed the Notice of Default before MTC was officially substituted as trustee. Accordingly, Plaintiff has failed to show any procedural impropriety with respect to the non-judicial foreclosure proceedings.

Plaintiff also alleges that he is entitled to enjoin the sale because Defendants have failed to provide the original note. The court is not persuaded by Plaintiff's suggestion that Defendants must have physical possession of the original note in order to conduct the non-judicial foreclosure. See Sicairos v. NDEX West, LLC, No. 08-CV-2014, 2009 WL 385855, at *3 (S.D. Cal. Feb. 13, 2009) ("Under Civil Code section 2924, no party needs to physically possess the

6

promissory note."), citing to Cal. Civ. Code, § 2924(a)(1); see also Adams v. Scme Mortgage Bankers, Inc., No. 09-CV-0501, 2009 WL 1451715, at *8 (E.D. Cal. May 22, 2009); Gamboa v. Trustee Corps, No. 09-CV-0007, 2009 WL 656285, at *4 (N.D. Cal. March 12, 2009).

Physical possession and legal status as holder of a note are distinct concepts. The holder of the note is the party entitled to enforce it. See In re Kang Jim Hwang, 393 B.R. 701, 707 (Bankr. C.D. Cal. 2008).

> Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment on the loan. The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan. Legal title to the property is held by trustee until the loan is repaid in full.

Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 821 (Cal. App. 4th Dist. 2000).

> The statutory scheme can be briefly summarized as follows. Upon default by the trustor, the beneficiary may declare a default and proceed with a non-judicial foreclosure sale (Cal. Civ. Code §2924). The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee (Cal. Civ. Code §2924). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale (Cal. Civ. Code §2924(b)). After the 3 month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale (Cal. Civ. Code §2924f). The trustee may postpone the sale at any time before the sale is completed (Cal. Civ. Code §2924g(c)(1)). If the sale is postponed, the requisite notices must be given (Cal. Civ. Code §2924g(d)). The conduct of the sale, including any postponements, is governed by Civil Code Section 2924g. The property must be sold at public auction to the highest bidder (Cal. Civ. Code §2924g(a)).

Moeller, 25 Cal. App. 4th at 830.

To initiate the foreclosure process, "The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgage or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code §2924(a)(1). California law is clear in stating, "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the

7

assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code § 2932.5. Trustees regularly foreclose on behalf of assignees for the original beneficiary. See, e.g., Block v. Tobin, 45 Cal. App. 3d 214, 218 (Cal. App. 1st Dist. 1975). When a mortgage is sold, physical transfer of the note is not required. See, e.g., In re Golden Plan of Cal., Inc., 829 F.2d 705, 708-11 (9th Cir. Cal. 1986) (agreement transferring proceeds of note, including hiring agent to handle monthly payment collection and potential foreclosure proceedings, but no physical transfer of mortgage note was nonetheless a sale).

     Plaintiff's Complaint fails to demonstrate with facts that MTC was prohibited from proceeding with the non-judicial foreclosure or violated statues or other requirements to prevent non-judicial foreclosure. An allegation that MTC did not have physical possession of the original note is insufficient to render the foreclosure proceedings invalid. See Adams, 2009 WL 1451715, at *8. Plaintiff does not identify any procedural irregularities that would preclude the non-judicial foreclosure. See Sitanggang v. IndyMac Bank, F.S.B., No. 09-CV-367, 2009 WL 1286484, *3 (E.D. Cal. May 6, 2009). Accordingly, MTC's motion to dismiss as to Plaintiff's first cause of action is granted with prejudice. See Adams, 2009 WL 1451715, at *13 (dismissing all claims, including cause of action to enjoin non-judicial foreclosure against trustee with prejudice).

     Quiet Title

     Plaintiff seeks to quiet title against the claims of all Defendants. MTC correctly notes that it is not subject to a quiet title claim because as the trustee it claims neither a legal nor equitable interest in the property, and its relationship to the property is limited to California non-judicial foreclosure statutes. See Cal. Civ. Code § 2934(a) ("conferring no other duties upon the trustee than those which are incidental to the exercise of the power of sale."). Plaintiff has not alleged facts necessary to support a quiet title claim against MTC, and an attempt to amend the claim is unwarranted because it has no interest in the property. Accordingly, MTC's motion to dismiss as to Plaintiff's second cause of action is granted with prejudice.

1       <u>Rescission of the Loan Based on Fraud</u>

2       Plaintiff seeks to rescind the loan agreement and Deed of Trust because he alleges that
3 Defendants AmericaOne and Aegis failed to disclose to Plaintiff that his income would be
4 insufficient to repay the loan following the adjustment period.  MTC challenges the fraud cause of
5 action as defectively plead and inapplicable to MTC.

6       Plaintiff's fraud claim is defective because he fails to plead his fraud claim with
7 particularity as required by Rule 9(b).  Rule 9(b) "requires the identification of the circumstances
8 constituting fraud so that the defendant can prepare an adequate answer from the allegations."
9 <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 553 (9th Cir. 2007).  The Ninth Circuit Court of Appeals
10 has explained: "Rule 9(b) requires particularized allegations of the circumstances constituting
11 fraud . . . plaintiff must include statements regarding the time, place, and nature of the alleged
12 fraudulent activities, and that "mere conclusory allegations of fraud are insufficient.'"  <u>In re</u>
13 <u>Glenfed, Inc. Securities Litigation</u>, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc); <u>see</u> <u>also</u>
14 <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by
15 "the who, what, when, where, and how" of the misconduct charged).  A court may dismiss a claim
16 grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading
17 requirements."  <u>Vess v. Ciba-Geigy Corp, USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  Here,
18 Plaintiff merely raises conclusory allegations and fails to include statements regarding the place
19 and nature of these purported fraudulent activities.  Plaintiff fails to meet Rule 9's standard.

20       But more importantly, Plaintiff fails to make any allegations as to MTC.  Rule 9(b) "does
21 not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to
22 differentiate their allegations when suing more than one defendant . . . and inform each defendant
23 separately of the allegations surrounding his alleged participation in the fraud."  <u>Swartz v. KPMG</u>
24 <u>LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotations omitted).  Here, although the Complaint
25 states that the cause of action applies to all Defendants, Plaintiff's allegations of wrongdoing are
26 only directed at the initial lender Aegis and mortgage broker AmericaOne, and Plaintiff generally

27

28       9

alleges that AmericaOne and Aegis failed to disclose facts at the time the loan was initiated in March 2007. MTC, however, was not involved in the March 2007 loan transaction, was not a party to the note, and was not involved in the foreclosure process until November 2008 (nearly two years after the loan was funded), when they acted as IndyMac's agent and recorded the Notice of Default. Thus, MTC does not have enough information to enable them to know what misrepresentations, if any, are attributable to them and what fraudulent conduct they are charged with. Therefore, Plaintiff fails to allege sufficient facts to raise a fraud claim under Rule 9(b)'s standard as to MTC.

Accordingly, MTC's motion to dismiss as to Plaintiff's third cause of action as to MTC is granted with prejudice as an attempt to amend would be futile.[6]

Accounting

Plaintiff claims that he is entitled to "the money, if any, still owed to defendants, if any, is unknown to plaintiff and cannot be determined without an accounting." See Complaint ¶41. MTC contends that Plaintiff is not entitled to an accounting from MTC because MTC is a foreclosure company who is not involved in collecting payments due prior to the foreclosure process. MTC also argues that Plaintiff is not entitled because he admits that he is in default and fails to challenge the amount owed under the note.

Plaintiff's accounting cause of action fails because his allegations are conclusory and is nothing more than a bare-bones pleading. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1951.

Moreover, "Before an accounting is in order, the right to an accounting must be established. It may be dispensed with where under the evidence the need or right to one is not shown." Baxter v. Krieger, 157 Cal. App. 2d 730, 732 (1958). "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy

---

[6] Leave to amend appears to be futile as it is unclear under what theory Plaintiff could seek to hold MTC responsible for the lender's alleged fraudulent conduct.

10

at law." St. James Church of Christ Holiness v. Superior Court, 135 Cal. App.2d 352, 359 (1955). In the instant matter, there is no indication that Plaintiff has a need or right to an accounting from the trustee, MTC.[7] Under Cal. Civ. Code § 2924(f), " the notice of sale shall contain a statement of the total amount of the unpaid balance of the obligation secured by the property to be sold and reasonably estimated costs, expenses, advances at the time of the initial publication of the notice of sale." The February 20, 2009 Notice of Trustee Sale that MTC recorded, provided that: "the total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Trustee's Sale is $284,766.88 (estimated amount). Accrued interest and additional advances, if any, will increase this figure prior to sale." Plaintiff does not allege that MTC failed to provide the total amount of the unpaid balance in the Notice of Trustee Sale. See Cal. Civ. Code § 2924(f).

Accordingly, no accounting is warranted from MTC at this juncture and MTC's motion to dismiss as to Plaintiff's fourth cause of action is granted without prejudice.

Breach of Fiduciary Duty

Plaintiff alleges that all Defendants had a fiduciary duty to advise Plaintiff of various disclosure notice requirements related to the real estate loan transactions pursuant to Cal. Civ. Code § 1632. MTC argues that as a matter of law, MTC is not a fiduciary, and thus cannot be sued for breach of fiduciary duty. Defendant is correct that a trustee under a deed of trust does not owe any fiduciary obligations to Plaintiff. Heritage Oaks Partners v. First American Title Ins. Co., 155 Cal. App. 4th 339, 345 (2007). The California Court of Appeals has explained a deed of trust trustee's limited authority:

> The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. [The

---

[7]Plaintiff has not alleged that the property has been sold. It appears that an accounting action may be theoretically possible if the property has been sold. However, in the absence of these allegations, the court expresses no further opinion on this matter.

11

trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." (Vournas v. Fidelity National Title Ins. Co., 73 Cal. App. 4th 668, 677 (1999)).  Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust.

Heritage,155 Cal. App. 4th at 345.

Thus, without a fiduciary relationship, there can be no breach of fiduciary duty by MTC. MTC's motion to dismiss as to Plaintiff's fifth cause of action is granted with prejudice as to MTC.

<u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff also contends that MTC breached the implied covenant of good faith and fair dealing by allegedly hiding the fact that Plaintiff could not qualify for the loan.  Defendant argues that Plaintiff's action fails because no contractual relationship exists between Plaintiff and MTC.

In order to state a claim, Plaintiff must allege: (1) the existence of some specific contractual obligation; and (2) interference with plaintiff's performance of the contract or failure to cooperate with the plaintiff.  Racine & Laramie, Ltd. v. Department of Parks and Recreation, 11 Cal. App. 4th 1026, 1031-32 (1992).  There is no obligation to deal fairly or in good faith absent an existing contract.  <u>Id.</u> at 1032.  As such, Plaintiff's claim fails because he does make any allegations regarding any contractual agreement he made specifically with MTC, nor does he allege an act or omission by MTC that demonstrates interference with Plaintiff's performance of any agreement.  Additionally, Plaintiff's allegations focus solely on the loan transaction that Aegis and AmericaOne participated in on March 21, 2007.  Plaintiff fails to make any reference to MTC's conduct or allege that MTC was a party to the March 21, 2007 transaction.  MTC was not involved in the foreclosure process until November 2008.

Accordingly, because neither element of the claim is sufficiently alleged, the court grants MTC's motion to dismiss as to Plaintiff's eighth cause of action with prejudice as to MTC.

12

<u>Declaratory and Injunctive Relief</u>

Plaintiff alleges that an actual controversy exists regarding the validity of the loan agreement and the non-judicial foreclosure of his property. Plaintiff bases his declaratory relief claim on the mistaken notion that MTC is not the real party in interest and that MTC's failure to possess the original note invalidates the foreclosure process. As discussed above, Plaintiff's arguments are without merit. Thus, Plaintiff has not alleged necessary facts to entitle him to declaratory relief.

Plaintiff also alleges that he has a strong likelihood of prevailing on the merits of his case and requests a temporary restraining order as to the sale of the property and a preliminary injunction precluding Defendants from engaging in wrongful conduct. MTC contends that Plaintiff's failure to tender payments owed under the note precludes his requested injunctive relief.

Plaintiff fails to demonstrate that he is entitled to his requested injunctive relief. A preliminary injunction may issue if a moving party establishes: (1) a likelihood of success on the merits; (2) likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. <u>See</u> <u>Winter v. Natural Res. Def. Council, Inc.</u>,—U.S.—, 129 S. Ct. 365, 374, 172 L.E.d.2d 249 (2008). <u>See also</u> <u>American Trucking Assoc. Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009). "In addition to this traditional test, the Ninth Circuit has consistently applied an alternative "sliding-scale" test under which a preliminary injunction may be granted where the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardship tips sharply in his favor." <u>Greater Yellowstone Coalition v. Timchak</u>, No. 08-36018, 2009 WL 971474, at * 1 (9th Cir. April 10, 2009); <u>Save Our Sonoran, Inc. v. Flowers</u>, 408 F.3d 1113, 1120 (9th Cir. 2005). To receive temporary injunctive relief under any articulation of the relevant test, the moving party must show a "significant threat of irreparable injury, irrespective of the magnitude

13

of the injury." Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1397 n.1 (9th Cir. 1997); Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir. 1989).

Plaintiff does not demonstrate a likelihood of success on the merits of his case. The law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge a foreclosure sale. Vargas v. Reconstrust Company, No. 08-CV-1683, 2008 WL 5101557, at *6 (E.D. Cal. Dec. 2, 2008) (citing to United States Cold Storage v. Great Western Savings & Loan Assn., 165 Cal. App.3d 1214, 1222 (1985)) . Here, Plaintiff stopped making payments on his loan. Thus, the beneficiary (Aegis) and trustee under the Deed of Trust (MTC) were entitled to initiate a foreclosure sale on the property. Although, the loss of Plaintiff's home may constitute an irreparable injury, Plaintiff has failed to show a probable chance of success on the merits and that the balance of equities tips in his favor. Thus, Plaintiff is not entitled to injunctive relief.

Accordingly, the court grants MTC's motion to dismiss as to Plaintiff's tenth cause of action with prejudice as to MTC.

## ORDER

For the reasons stated above, the court ORDERS that:

(1) MTC's motion to dismiss Plaintiff's claims against it is GRANTED with prejudice as to the following causes of action: Enjoinment of Sale, Quiet Title, Rescission of the Loan Based on Fraud, Breach of Fiduciary Duty, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Declaratory and Injunctive Relief because amendment to the Complaint will not cure their deficiencies;

(2) MTC's motion to dismiss Plaintiff's accounting cause of action is GRANTED without prejudice; and

(3) Within fourteen (14) days of service of this order, Plaintiff may file an amended complaint in compliance with the rulings of this order, the Federal pleading

requirements, and this court's local rules.  Failure to comply with this order will result in a dismissal of Plaintiff's entire complaint with prejudice.

IT IS SO ORDERED.

Dated:     July 2, 2009                              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE